MEMORANDUM **
The facts of this case are known to the parties and we do not repeat them here. In No. 06-71433, Mahmudul Haque seeks review of a 2002 order of the Board of Immigration Appeals (“BIA”) dismissing his administrative appeal from a decision *947 of an Immigration Judge (“IJ”) ordering him deported to Bangladesh. In No. 05-74825, Haque appeals the BIA’s August 8, 2005, decision denying his special motion to reopen administrative proceedings to seek relief under former § 212(c) of the Immigration and Nationality Act.
In INS v. St. Cyr, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), the Supreme Court held that limitations on § 212(c) relief imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (“AEDPA”), Pub.L. No. 104-132, 110 Stat. 1214, and the Illegal Immigrant Reform and Immigrant Responsibility Act (“IIRIRA”), Pub.L. No. 104-208, 110 Stat. 3009-546, could not be retroactively applied to aliens who pled guilty to a deport-able offense prior to the statute’s effective date. In denying Haque’s special motion to reopen, the BIA concluded that the Court’s reasoning in St. Cyr did not apply to aliens, like Haque, who were found guilty by a jury after trial. We vacate the BIA’s August 8, 2005 decision and remand this case to the agency for further proceedings.
Haque has raised a substantial claim that application of AEDPA and IIRIRA provisions eliminating his eligibility for § 212(c) relief produces an impermissible retroactive effect in his case. In Armen-dariz-Montoya v. Sonchik, 291 F.3d 1116 (9th Cir.2002), we held that application of AEDPA’s restrictions on § 212(c) relief “to those aliens who were convicted after a jury trial does not result in a retroactive effect.” Id. at 1121. However, the facts of Haque’s case are very different from those in Armendariz-Montoya and from those addressed in analogous cases in other circuits. The record reflects that, after his conviction, Haque entered into a plea agreement with the government in which he gave up a potentially meritorious criminal appeal in exchange for a reduction of his sentence. Haque has made a colorable argument that he would not have chosen to withdraw his appeal had he known that in doing so his eligibility for § 212(c) relief would be eliminated and he would thereby lose any legal means to stave off deportation.
Having said that, we cannot determine from the record whether Haque in fact agreed to withdraw his criminal appeal prior to April 24, 1996, AEDPA’s effective date. We decline to decide the difficult legal questions presented by this case until the agency has an opportunity, in the first instance, to make this factual determination. We therefore vacate the BIA’s August 8, 2005 decision and remand this case so the BIA may determine whether Haque agreed to withdraw his criminal appeal prior to April 24, 1996. Should the BIA answer this question in the affirmative, the BIA should also reconsider its' position that Haque is ineligible for § 212(c) relief.
All future appeals in this case shall be assigned to this panel. Each party shall bear its own costs on appeal.
VACATED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.